# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2021

Lyle W. Cayce
Clerk

No. 19-40517

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Pineda-Campuzano,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1425-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.
Per Curiam:*

Alejandro Pineda-Campuzano challenges the 60-month prison sentence and four-year term of supervised release imposed following his guilty plea conviction for possession with intent to distribute approximately 212 kilograms of marijuana. Pineda-Campuzano argues that the district court erred in finding him ineligible for safety-valve relief under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40517

18 U.S.C. § 3553(f), and in imposing special conditions of supervised release in the written judgment that were not orally pronounced at sentence. With respect to safety-valve relief under § 3553(f), Pineda-Campuzano claims that his Texas conviction for Assault-Family Violence is not a "violent offense" and that he is therefore not disqualified from relief on that basis.

We previously affirmed the district court's denial of safety-valve relief but determined that the court's imposition of special conditions of release that were not orally pronounced at sentence was an abuse of discretion. *United States v. Pineda-Campuzano*, 812 F. App'x 293, 294 (5th Cir. 2020) (per curiam). Pineda-Campuzano filed a petition for certiorari, and the Supreme Court vacated our judgment and remanded for further consideration in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). *Pineda-Campuzano v. United States*, 141 S. Ct. 2784 (2021) (mem.).

The government concedes that post-*Borden*, Pineda-Campuzano's Texas conviction is not a "violent offense" under 18 U.S.C. § 3553(f) because it may be committed with a *mens rea* of recklessness. For this reason, the parties agree that Pineda-Campuzano is not precluded from safety-valve relief on that basis. Accordingly, we REMAND to the district court for resentencing consistent with *Borden v. United States*, 141 S. Ct. 1817 (2021).